1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SAVUTH EM, | 1:10-cv-01414-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION FOR AN AWARD OF EQUAL ACCESS TO JUSTICE FEES BE GRANTED** |
| v. | (Doc. 19) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | **OBJECTIONS DUE: 15 DAYS** |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Savuth Em ("Plaintiff") filed a complaint on August 6, 2010, seeking reversal of the Administrative Law Judge's ("ALJ") decision denying his application for Social Security disability benefits.  (Doc. 1.)  On March 3, 2011, the parties filed a stipulation indicating their agreement that Plaintiff is disabled and requested that the Court vacate the administrative decision and enter judgment in Plaintiff's favor.  (Doc. 16.)  On March 4, 2011, the parties' stipulated request was granted, and judgment was issued in Plaintiff's favor.  (Doc. 17.)

On June 2, 2011, Plaintiff filed an application for an award of fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,245.20.  (Doc. 19.)  On July 1, 2011, the Commissioner filed an opposition to Plaintiff's request asserting that the total number of hours

1  expended by Plaintiff's counsel was unreasonable. (Doc. 21.) On July 14, 2011, Plaintiff filed a

2  reply to the Commissioner's opposition. (Doc. 22.) On November 22, 2011, the Court issued an

3  order that any supplemental request for EAJA fees related to the time expended by Plaintiff's counsel

4  on the reply brief was to be filed within 20 days of the Court's order.

5      On November 28, 2011, Plaintiff filed a supplemental application for an award of EAJA fees

6  seeking an additional $673.16 for time expended on the July 14, 2011, reply brief. (Doc. 24.) The

7  Commissioner opposed the supplemental application for EAJA fees again asserting that the amount

8  of the attorneys' fees requested was unreasonable. (Doc. 26.) For the reasons set forth below, the

9  Court RECOMMENDS that Plaintiff's application for EAJA fees be GRANTED in the amount of

10  $3,476.34.

11                              **II.   DISCUSSION**

12  **A.    Legal Standard**

13      Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency

14  decision in a civil action are entitled to reasonable fees and other expenses:

15      [A] court shall award to a prevailing party other than the United States fees and other
        expenses . . . incurred by that party in any civil action (other than cases sounding in
16      tort), including proceedings for judicial review of agency action, brought by or
        against the United States in any court having jurisdiction of that action, unless the
17      court finds that the position of the United States was substantially justified or that
        special circumstances make an award unjust.
18

19      Any application for an award of EAJA fees and other expenses must be made within thirty

20  days of final judgment in the action and "must include an itemized statement from any attorney

21  representing or appearing in behalf of the party stating the actual time expended and the rate at which

22  fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The party submitting the

23  application is also required to allege that the position of the United States was not substantially

24  justified. *Id.* Further, the party applying for an award of EAJA fees must have an individual net

25  worth not greater than $2,000,000 at the time the civil action was filed. *Id.* § 2412(d)(2)(B).

26  **B.    Plaintiff is Entitled to An Award of EAJA Fees and Other Expenses**

27      As an initial matter, Plaintiff has met the statutory criteria to be eligible for an EAJA award

28  of fees and other expenses. A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been

1    found to constitute a final, appealable judgment. *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993).

2    A party who obtains a sentence four remand in a social security appeal is a prevailing party for

3    purposes of the EAJA. *Schaefer*, 509 U.S. at 302. Here, Plaintiff asserts that he was a prevailing

4    party for purposes of the appeal because the parties stipulated to a remand for entry of a fully-

5    favorable decision for Plaintiff. (Doc. 19-1, 2:12-17.) The Commissioner does not dispute this.

6    Plaintiff further asserts that his net worth as an individual was not more than $2,000,000 at the time

7    the civil action was filed pursuant to 28 U.S.C. § 2412(d)(1)(D)(2)(B), which is also undisputed by

8    the Commissioner. (Doc. 19-1, 2:18-20; *see* Doc. 21, 2:2-21.) Plaintiff's assertion that the

9    Commissioner's position was not substantially justified is also undisputed. (Doc. 19-1, 3:13-4:6.)

10   The Court finds that Plaintiff is entitled to an award of his reasonable attorneys' fees and expenses.

11   **C.    Reasonableness of the Fees**

12        The Court must determine what amount constitutes a reasonable award of attorneys' fees.

13   *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district

14   court has an independent duty to review plaintiff's fee request to determine its reasonableness). "The

15   most useful starting point for determining the amount of a reasonable fee is the number of hours

16   reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*,

17   461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "The [Court] must determine

18   not just the actual hours expended by counsel, but which of those hours were reasonably expended

19   in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "'Hours that are not properly

20   billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'"

21   *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en

22   banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request.

23   *Blum*, 465 U.S. at 897.

24        **1.    Hourly Rates**

25        Plaintiff requests $175.06 per hour for work performed by his counsel, which is the

26   applicable statutory maximum hourly rate under EAJA for attorney work performed in 2010,

27   adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant

28   to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and

Ninth Circuit Rule 39-1.6.  Although both counsel for Plaintiff performed some work in 2011, Plaintiff only seeks an award of fees at the 2010 rate as a concession to the government. (*See* Doc. 19-1, p. 8 ("Based on the foregoing, and using the 2010 [rate] so as to favor the government, the attorneys' fee in this case should be $4,245.20.").)   This hourly rate is not opposed by the Commissioner.  (*See* Doc. 21, 2:20-21.)  Further, this rate has been considered reasonable in other social security cases in this district, *see, e.g., Roberts v. Astrue*, No. 1:09-cv-1581-DLB, 2011 WL 2746715, at * 4 (E.D. Cal. July 13, 2001), and the Court does not find any basis to recommend a reduction to the hourly rate requested.

### 2.      Hours Expended

As to hours expended, Plaintiff's original application for an award of EAJA fees in addition to the supplemental application seek attorneys' fees for a total of 15.0 hours of work performed by Sengthiene Bosavanh, Esq., and 13.0 hours expended by Ralph Wilborn, Esq.

The Commissioner opposes the fees requested, asserting that the hours expended were unreasonable.  In general, the Commissioner argues that no briefs were filed in this case because the parties stipulated to a remand, the administrative record was relatively small, containing only 284 pages of documents, and the single issue warranting a voluntary remand for a fully favorable decision was uncomplicated.  (Doc. 21, 2:18-19.)

### a.      Time Expended by Ms. Bosavanh, Esq.

With regard to the time expended by Ms. Bosavanh, the Commissioner asserts that the 5.0 hours of Ms. Bosavanh's time spent reviewing the record and the confidential letter brief written by Mr. Wilborn was unreasonable.  Given the relatively small size of the administrative record and the simplicity of the issue, there was no reason for Ms. Bosavanh to spend 5 hours reviewing documents and Mr. Wilborn's brief.  Specifically, the Commissioner asserts that Ms. Bosavanh's time spent reviewing a more experienced attorney's brief was duplicative and, as such, unreasonable.  (Doc. 21, 4:5-12.)  The Commissioner also argues that many of Ms. Bosavanh's billing entries reflect time spent on clerical tasks that are not compensable under EAJA, certain billing entries lack a requisite amount of specificity to determine their reasonableness, and  an entry on March 4, 2011, for 0.6

hours of time to review the one-page, signed stipulation of the parties is clearly excessive. (Doc. 21, 4:21-5:5.)

### (i)    Time Spent Reviewing the Record and Mr. Wilborn's Work

While the Court appreciates that Ms. Bosavanh must review Mr. Wilborn's work before it is filed with the Court or served on the Commissioner pursuant to the Court's scheduling order because she, and not Mr. Wilborn, is the attorney of record, the description of her time spent reviewing Mr. Wilborn's brief on January 7, 2010, does not indicate that any editing was performed or that anything was done beyond reading the confidential letter brief. (*See* Doc. 19-2, p. 3.) Without a description indicating what the confidential brief review entailed, the Court finds that 1.4 hours to read Mr. Wilborn's confidential letter brief on January 7, 2010, was unreasonable; the Court finds that critically reading the brief, without performing any research or editing, reasonably required only 0.5 hours in total. Thus, 0.9 hours of Ms. Bosavanh's time spent reviewing Mr. Wilborn's draft of the confidential brief should be reduced as duplicative and unnecessary.

The same is true of the time Ms. Bosavanh spent reviewing the record on December 16, 2010. (*See* Doc. 19-2, p. 2.) Mr. Wilborn's review of the record is substantively incorporated into the arguments he presents in the confidential brief, and Mr. Wilborn himself has billed for time reviewing the record. Thus, review of Mr. Wilborn's brief and review of the record by both counsel is repetitive. The 1.4 hours spent to review the record by Ms. Bosavanh on December 16, 2010, should not be compensated as it is duplicative.[1]

---

[1] On several occasions, this court has reviewed the arrangement between Ms. Bosavanh and Mr. Wilborn and observed that "Mr. Wilborn is performing a majority of the research and brief writing. Therefore, certain time spent performing duplicative work will not be compensated. The government should not be forced to pay increased fees simply because Ms. Bosavanh has decided to employ another attorney to actually write the briefs." *Roberts v. Astrue*, No. 1:09-cv-01581-DLB, 2011 WL 2746715, at *6 (E.D. Cal. July 13, 2011); *see also Stairs*, No. 1:10-cv-00132-DLB, 2011 WL 2946188, at *2 (E.D. Cal. July 21, 2011 )(finding that fees are "not warranted" for receiving and checking contents of the transcript), *appeal filed on September 19, 2011*; *Singmoungthong v. Astrue*, No. 1:09-cv-01328-DLB, 2011 WL 2746711, at * 5 (E.D. Cal. July 13, 2011) (Ms. Bosavanh's time reviewing and forwarding documents to Mr. Wilborn is duplicative and not compensable), *appeal filed on January 13, 2012*; *Kimzey v. Astrue*, No. 1:09-cv-01808-JLT, 2011 WL 5101941, at *4 (E.D. Cal. Oct. 25, 2011) (fees for Ms. Bosavanh's review of the transcript and Defendant's opposition to the opening brief not awarded); *Chanthavong v. Astrue*, No. 1:09-cv-1561-SKO, 2011 WL 6751930, at *10 (E.D. Cal. Dec. 23, 2011) ("While Ms. Bosavanh's time spent reviewing Mr. Wilborn's work is compensable because she is filing that product as her own, her additional review of Defendant's briefs and the administrative record that have already been reviewed by Mr. Wilborn and incorporated into his briefs, is duplicative and unnecessary.").

1

(ii)      Time Expended on "Clerical Tasks"

2       The Commissioner objects to time spent by Ms. Bosavanh on what he deems to be "clerical

3   tasks."  (Doc. 21, 4:13-20.)  Specifically, Defendant objects to the following time entries on the

4   ground that the time expended is clerical in nature or not sufficiently described to determine whether

5   the time recorded would generally be the type performed by an attorney:

| Date | Activity Description | Time spent |
|------|---------------------|------------|
| July 9, 2010 | "Prepare and mail documents to client" | 0.1 |
| August 6, 2010 | "Review court order granting motion to proceed IFP and related documents" | 0.1 |
| August 26, 2010 | "Prepare and submit notice of change of address" | 0.1 |
| August 26, 2010 | "Prepare documents and serve three government defendants" | 0.1 |
| August 30, 2010 | "Review clerk's notice" | 0.1 |
| September 1, 2010 | "Review return receipt from [AUSA]" | 0.1 |
| September 2, 2010 | "Review return receipt from [the Commissioner]" | 0.1 |
| September 15, 2010 | "Review consent to jurisdiction by magistrate judge by OGC" | 0.1 |
| September 22, 2010 | "Review return receipt from Attorney General" | 0.1 |
| December 16, 2010 | "Review acknowledgment of receipt of transcript" | 0.1 |
| December 16, 2010 | "Review notice of transcript lodging and review of contents thereof" | 0.1 |
| March 4, 2011 | "Draft and mail documents to client" | 0.1 |

26   (*See* Doc.19-2, p. 2-3.)

27       Clerical tasks, even when performed by an attorney or paralegal, may not be billed to an

28   adversary.  *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989).  Therefore, clerical tasks, such as

6

mailing and calendaring, are not typically compensable under the EAJA.  *See Logan-Laracuete v. Astrue*, No. 1:07-cv-00983-SMS, 2009 WL 506546, at *2 (E.D. Cal. Feb. 27, 2009) (faxing, mailing, calendaring, and filing are not compensable under EAJA).  Reviewing court documents and return receipts from the Commissioner, however, have been deemed to be tasks typically performed by an attorney.  *See Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 n.7 (E.D. Cal. Sept. 20, 2011) ("the undersigned declines to deem an attorney's review of an important court document as 'calendaring' or as merely 'clerical'"); *Gooch v. Astrue*, No. 1:07-cv-01674 LJO GSA, 2009 WL 347084, at *2 (E.D. Cal. Feb. 9, 2009) ("[R]eviewing court documents and service documents, while mundane, are tasks that are routinely performed by an attorney" (citing *Williams v. Apfel*, No. IP 98-1396-C H/G, 2000 WL 6845259, at * 2 (S.D. Ind. Apr. 20, 2000))).  Thus, the Court finds a reduction of time for these tasks is not warranted on the ground that they are merely clerical tasks.

When viewing the time entries in total, however, the amount of time spent reviewing documents is unreasonable.  Six-minute billing increments, which is how Ms. Bosavanh's time entries are recorded and presented, can be problematic when small tasks that require less than six minutes are recorded separately.  Six minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total.  Thus, for example, eight separate tasks that require one minute each (for a total of eight minutes of billable time) and are billed as eight discrete six-minute tasks, reflect 48 minutes of time spent.  In other words, eight minutes of actual time spent generates billing entries of 48 minutes.  Repeated 0.1 entries (six minutes) for tasks that require less than six minutes each will ultimately reflect more time than that actually expended.  Ms. Bosavanh provides the following time entries:

| | | |
|---|---|---|
| August 6, 2010 | "Review court docket filing" | 0.1 |
| August 6, 2010 | "Review court order granting motion to proceed IFP and related documents" | 0.2 |
| August 30, 2010 | "Review clerk's notice" | 0.1 |
| September 1, 2010 | "Review return receipt from [AUSA]" | 0.1 |
| September 2, 2010 | "Review return receipt from [the Commissioner]" | 0.1 |

| | | |
|---|---|---|
| September 15, 2010 | "Review consent to jurisdiction by magistrate judge by OGC" | 0.1 |
| September 22, 2010 | "Review return receipt from Attorney General" | 0.1 |
| December 16, 2010 | "Review acknowledgment of receipt of transcript" | 0.1 |
| February 14, 2011 | "Review court notice of extension of time document filed" | 0.1 |
| February 16, 2011 | "Review stipulation and order to extent time signed by judge" | 0.1 |
| | **Total** | **1.1 hours** |

(Doc. 19-2, p. 2-3.)

While the Court appreciates the need for counsel to review court orders and the docket, the total billed for reviewing the documents above is unreasonable when each event is recorded as a discrete six-minute event. Here, multiple 0.1 time entries for review of single-page documents in the record, such as notices and minute orders, resulted in an unreasonable accumulation of time.

Moreover, social security appeals proceed along a very routinized schedule in this district that is virtually the same in every case. Ms. Bosavanh spent 0.2 hours reviewing the court's order granting IFP status to Plaintiff and the scheduling order issued on August 6, 2010. Here, the court's order granting IFP status was a one-page order with the Magistrate Judge's signature affixed to Plaintiff's check-box application. (Doc. 5.) Review of this order would have taken a very minimal amount of time. With regard to the scheduling order, these orders are issued in all social security cases in this district and are virtually identical, even among different judges. Given the routine nature of these orders, counsel familiar with this district's scheduling orders, as counsel is here, would require only a minimal amount of time to review such an order. Review of this order and the other documents listed above by a practitioner thoroughly familiar with social security appeals in this district should require no more than two to three minutes per task. While these activities do take time, billing judgment must be exercised in reviewing the accumulation of 0.1 billing entries and comparing such entries to the time actually expended performing these tasks. Based on the activities recorded in reviewing routine, simple documents, the Court finds that only 0.4 of the time expended on these activities is reasonable; thus, a reduction of 0.7 hours is warranted.

### (iii)     Review of the Parties' Stipulation for Remand

On March 3 and 4, 2011, Ms. Bosavanh billed a total of 1.1 hours reviewing a stipulation for remand and the Court's order thereon. (Doc. 19-2, p. 3.)  On March 3, 2011, Ms. Bosavanh spent 0.4 hours to "[r]eview email from OGC re: stipulation to remand; contact brief writing attorney; respond to OGC."  (Doc. 19-2, p. 3.)  Also, on March 3, 2011, Ms. Bosavanh recorded 0.1 hours spent to "[r]eview court filing re: stipulation and proposed order for remand."  Then, on March 4, 2011, Plaintiff spent 0.6 hours to "[r]eview stipulation and proposed order of voluntary remand and dismissal; review judgment."  (Doc. 19-2, p. 3.)

The docket reflects that the parties filed their stipulation for remand on March 3, 2011; thus, any review of that stipulation performed by Ms. Bosavanh on March 4, 2011, would have consisted of review of the Court's issuance of the parties' proposed order.  The March 4, 2011, billing entry is duplicative of the 0.5 hours already spent reviewing the parties' stipulation and is excessive in view of the fact that the Court issued the parties' proposed order, a document with which counsel was familiar and should not have needed 36 minutes to review (0.6) – especially considering the order was only two pages. (*See* Doc. 17.)  Only a half-hour of time spent on these activities is warranted.  As a result, a reduction of 0.6 hours of the time spent reviewing the parties' stipulation and the Court's order approving the stipulation is warranted.

### (iv)     Insufficiently Documented Billing Entries

A review of Ms. Bosavanh's billing statement indicates that certain entries are insufficiently documented and thus appear unreasonable.  Specifically, the billing entry on July 9, 2010, for 0.2 hours expended to "[p]repare and mail documents to client," provides no information as to what documents were prepared.  This billing entry is too vague and lacking in detail to assess its reasonableness or whether the task itself is compensable.  For those reasons, this time should be disallowed.  *See Hensley*, 416 U.S. at 433 (it is the fee-applicant's burden to submit "evidence supporting the hours worked and rates claimed").

With respect to Ms. Bosavanh's billing entry on August 26, 2010 – which indicates that 1.4 hours of time was spent to "[p]repare documents and serve three government defendants" – this request lacks any specificity.  (Doc. 19-2, p. 2.)  It appears that the documents included Plaintiff's

complaint and civil cover sheet, which were already prepared on August 6, 2010, and the time for drafting those documents had already been billed.  Thus, "preparation" of these documents would have consisted of printing them out, as opposed to drafting them.  Additionally, although the time entry indicates that Plaintiff's *counsel* "serve[d] three government defendants," the proof of service of these documents  reflects that Ruby Gonzalez, ostensibly a paralegal in Ms. Bosavanh's office, served the documents on the defendants by mail. (Doc. 10.)  As the work documented in this time entry lacks specificity and appears to conflict with the proof of service, as it bills for attorney time spent on activities that the paralegal apparently completed, this time should not be awarded.  Thus, a 1.4 hour reduction of time is warranted.

### (v)   Time Spent Preparing EAJA Application Documents

The Commissioner objects to the time spent by Ms. Bosavanh on preparing documentation in support of Plaintiff's EAJA application.  (Doc. 21, 5:7-6:3.)  The Commissioner asserts that none of Ms. Bosavanh's time was spent preparing the EAJA application or the memorandum; instead, her time was spent preparing her own billing record.  (Doc. 21, 5:22-23.)

For purposes of preparing a declaration to support an EAJA application, an attorney is generally required to calculate time spent on the subject litigation (as opposed to time related to administrative proceedings prior to the civil action) and review the descriptions of time to confirm they do not contain privileged or confidential information.  As Ms. Bosavanh's time entry related to reviewing her billing records is contained in a block of 1.3 hours on May 29, 2011, for two different tasks ("Review docket and case notes; prepare time documents for EAJA application"), it is unclear how much time was spent reviewing the time entries or her declaration supporting the EAJA application; thus a reduction of this time is warranted.  *See Hensley*, 416 U.S. at 433 (it is the fee-applicant's burden to submit "evidence supporting the hours worked and rates claimed").  Moreover, because clients are not properly charged for their attorney's time spent creating a billing statement, time spent creating time entries or administratively reviewing them for accuracy is not compensable. *See Hensley* 461 U.S. at 43 ("'In the private sector, "billing judgment" is an important component in fee setting.  It is not less important here.  Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority.'" (quoting *Copeland*, 641 F.2d

at 891)).  However, the time spent preparing a declaration in support of an EAJA application and reviewing time entries to ensure they contain no confidential information is appropriate and compensable.  The Court finds that 0.5 hours is a reasonable amount of time to review descriptions in billing entries, select relevant entries for inclusion in the EAJA application, and complete a declaration.  Thus, Ms. Bosavanh's time expended in reviewing her time-entry descriptions and drafting her declaration warrants a reduction of 0.8 hours.

### (vi)   Conclusion

As set forth above, the Court finds that the time expended by Ms. Bosavanh warrants a reduction of 6.0 hours (0.9 + 1.4 + 0.7 + 0.6 + 0.2 + 1.4 + 0.8 = 6.0), which results in an allowable time of 9.0 hours.  As previously noted, Plaintiff does not seek different rates for work performed in 2010 and 2011.  (Doc. 19-1, p. 8 ("Based on the foregoing, and using the 2010 [rate] so as to favor the government, the attorneys' fee in this case should be $4,245.20.)  Accordingly, the Court recommends that Plaintiff be awarded $1,575.54 (9.0 hours x $175.06) for the time expended by Ms. Bosavanh.

### b.   Time Spent by Mr. Wilborn, Esq.

The Commissioner asserts that Plaintiff's attorney Ralph Wilborn's expenditure of 7.75 hours to review the small record and draft the confidential letter brief was unreasonable in view of counsel's experience and the simplicity of the issue.[2]  In fact, the Commissioner asserts the time expended is so excessive it should be denied outright.  (Doc. 21, 2:17-18.)  Alternatively, the Commissioner asserts that no more than one hour of time should be compensated for work performed drafting the confidential letter brief.

---

[2] Plaintiff asserts that Mr. Wilborn only spent 7 hours, as opposed to 7.75 hours on the legal services to which the Commissioner objects.  (Doc. 22, 3:1-2.)  The Commissioner asserts in his opposition brief that "Plaintiff has billed 7.75 hours for one of his attorneys to review the small (284 pages) administrative record and draft the confidential letter brief." (Doc. 21, 2:23-24.)  Mr. Wilborn's declaration filed in support of the original application for EAJA fees indicates that he spent 0.75 hours to "[r]ead and analyze the ALJ's decision, conduct vocational research and assess the merits of appeal."  (Doc. 19-3, p. 1.)  As part of that time entry Mr. Wilborn also drafted a "memo to file recommending appeal."  Subsequently, on December 27, 2010, and January 3, 2011, Mr. Wilborn spent 4.75 hours and 2.25 hours respectively, reading and analyzing the ALJ's decision, reviewing and analyzing the administrative record, drafting a memo regarding potential issues, and researching and drafting Plaintiff's confidential brief.  Thus, review of the record, research, and drafting memos and the confidential letter brief did indeed require 7.75 (.75 + 4.75 + 2.25) hours of Mr. Wilborn's time.

1    Plaintiff responds that it would be malpractice for his attorneys to cease reviewing the record

2    upon recognizing one error for which the case was ultimately remanded for an award of benefits.

3    (Doc. 22, 3:22-23.)   Plaintiff asserts that the time spent reviewing the record and drafting the

4    confidential letter brief that subsequently persuaded the Commissioner to remand the case and award

5    benefits was entirely reasonable.

6    The difficulty in assessing the reasonableness of the time expended by Mr. Wilborn in

7    reviewing the record and preparing the confidential letter brief is two-fold.   First, the confidential

8    letter brief is not a document filed with the Court; absent adequate descriptions of the length of the

9    brief and number of issues discussed, the Court is hampered in considering the reasonableness of the

10   time expended researching and drafting this document.   While only one issue was presented as

11   grounds for the parties' stipulation for remand, it is not clear how many other issues, if any, were

12   researched and discussed.   For example, Plaintiff's counsel asserts that, even considering the issue

13   upon which remand was predicated, "[i]t would be malpractice for an attorney to cease reviewing

14   the record merely because a potential reversible issue was spotted." (Doc. 22, 3:22-23.) This implies

15   that further issues were researched and briefed.[3]   The billing statement, however, does not set forth

16   the number of issues researched or the length of the confidential brief, and Plaintiff's counsel does

17   not state in the reply brief how many issues were briefed or delineate how much time was expended

18   on each issue.

19   Second, the billing statement is set out in block-billed format, and in addition to the limited

20   description of the tasks, it is impossible to determine how much time was spent on discrete tasks

21   within each billing entry.   "Block billing, which bundles tasks in a block of time, makes it extremely

22   difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v.*

23   *Astrue*, No. CV 08-340-MA, 2011 WL 2413996, at *5 (D. Or. June 8, 2011).   However, while "the

24   fee applicant bears the burden of submitting 'evidence supporting the hours worked and the rates

25   claimed,'" counsel is "'not required to record in great detail how each minute of his time was

26

27   [3] The Court notes that the confidential briefs submitted by the parties are akin to settlement efforts; neither
     counsel should disclose the content of the confidential briefs.  However, discussion of the length of pages drafted and
     the number of issues discussed is the type of information that may be presented to sufficiently document a request for
28   a fee award without divulging confidential information related to settlement negotiations.

1  expended.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley,*

2  461 U.S. at 437 n.12.). Thus, in *Fischer*, the Ninth Circuit explained that, rather than refusing to

3  award any fees where documentation is insufficient because of block-billing, the court should either

4  request more information or "simply reduce[] the fee to a reasonable amount." *Id.* (citing *Hensley*,

5  461 U.S. at 433 for the proposition that a district court can "reduce" the fee award where the

6  documentation is inadequate).   Due to inadequate documentation regarding the number of issues

7  raised upon review of the record, the number of issues researched, or the number of issues discussed

8  in the confidential letter brief in conjunction with the block-billed time entries, the time expended

9  on July 6, 2010, December 27, 2010, and January 3, 2011, appears unreasonable and warrants a

10  reduction of 2.0 hours. *Fischer*, 214 F.3d at 1121; *Hensley*, 461 U.S. at 433.

11      Defendant asserts that the 1.5 hours Mr. Wilborn expended in preparation of the EAJA

12  application, including his declaration, was excessive as the matter was voluntarily remanded and the

13  EAJA application and its supporting documents were not specific to this case.

14      In other cases, the Court has found that 1.5 hours is a reasonable amount of time for Mr.

15  Wilborn to expend on an EAJA application and prepare his declaration and review his billing records

16  for accuracy.  Here, however, the billing time entries were minimal – exclusive of the time spent on

17  the EAJA application, there were only three time entries to review.  Unlike other cases, where there

18  were more time entries to review, 1.5 hours is not reasonable.  The Court finds that a reduction of

19  0.2 hours is warranted under the circumstances of this case.

20      Plaintiff also filed a supplemental EAJA application, seeking an award of fees for the 3.75

21  hours spent by Mr. Wilborn on preparing the brief filed in reply to the Commissioner's opposition.

22  The Commissioner filed an opposition to the supplemental application, noting that, even without

23  consideration of the supplemental application, the total fees sought were unreasonable, and no

24  opposition or reply brief would have been necessary had Plaintiff's original application seeking

25  EAJA fees been reasonable.  (Doc. 26.)  Plaintiff is entitled to attorneys' fees for work associated

26  with obtaining an EAJA award.  *See generally Comm'r v. I.N.S. v. Jean*, 496 U.S. 154, 157 (1990)

27  (concession that services to obtain fees were covered in EAJA cases).  Considering the issues raised

28  in the opposition brief, the expenditure of 3.75 hours to review the Commissioner's opposition brief

and draft a 13-page brief in reply addressing the issues raised in the Commissioner's opposition brief appears reasonable.  No reduction of time is warranted.

### c.    Conclusion

The Court finds that a 0.2 hours time reduction is warranted for time expended by Mr. Wilborn in relation to the original EAJA application.  Further, the Court finds that Mr. Wilborn's time spent reviewing the record, researching the issues, and drafting the confidential letter brief was unreasonable, particularly in light of the manner in which the time entries were submitted; thus, a 2.0 reduction for these activities is warranted.  Therefore, the award for Mr. Wilborn's time should total $1,900.80 ($175.06 x 10.8 (13.0 - 2.2)).[4]

### III.    CONCLUSION AND RECOMMENDATION

Pursuant to the declarations and time entries submitted, 19.8 (9.0 + 10.8) hours expended by Plaintiff's counsel on the litigation is reasonable.  For the reasons set forth above, a reduction of eight and two-tenths of an hour (8.2) is warranted for duplicative or otherwise unnecessary and unreasonable time spent by Plaintiff's counsel.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's application for an award of attorney's fees be GRANTED in the amount of $3,476.34:

    a.    Plaintiff should be awarded $1,575.54 for time expended by Ms. Bosavanh, Esq.;

---

[4] The Court notes its concern that a one-issue voluntary remand resulted in a fee litigation involving the filing of five (5) briefs and the issuance of two court orders, exclusive of the district court's review, which will entail the issuance a third order.  *Hensley*, 461 U.S. at 437 ("[A] request for attorney's fees should not result in a second major litigation.").  Some of the extraneous briefing could have been reduced had Plaintiff requested fees for the time spent drafting the EAJA reply brief in the brief itself. *See Comm'r, I.N.S v. Jean*, 496 U.S. at 163 ("Exorbitant, unfounded, or procedurally defective fee applications – like any other improper position that may unreasonably protract proceedings – are matters that the district court can recognize and discount.").  Plaintiff's failure to include any supplemental request in the reply brief also significantly extended the time that this EAJA matter remained pending.  While the Court has entertained the supplemental EAJA application here and made a recommendation thereon, it notes that piecemeal presentation of EAJA fee requests is always problematic and is felt even more acutely in a court as burdened as the Eastern District of California. *Cf. Jean*, 496 U.S. at 163 (theoretically infinite litigation to recover fees for the last round of litigation over fees can spawn "Kafkaesque judicial nightmare").  Plaintiff's counsel is informed that the era of piecemeal presentation of EAJA requests has ended and that this issue will be remedied in the future.

1          b.      Plaintiff should be awarded $1,900.80 for time expended by Mr. Wilborn,

2                  Esq.; and

3      2.      Plaintiff should be paid in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

4      These findings and recommendations are submitted to the district judge assigned to this

5  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fifteen (15)

6  days of service of this recommendation, any party may file written objections to these findings and

7  recommendations with the Court and serve a copy on all parties.  Such a document should be

8  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

9  will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.

10  § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

11  waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13  IT IS SO ORDERED.

14  **Dated:    March 2, 2012**                              **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

15